UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>         Plaintiff,<br><br>    v.<br><br>BULLARD, ET AL.,<br><br>         Defendants. | No.  2:21-cv-2336 KJN P<br><br>ORDER |

Plaintiff is a civil detainee, proceeding pro se.[1] Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] A civil detainee is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and 42 U.S.C. § 1997e(h). See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[O]nly individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997(e) and 28 U.S.C. § 1915."). Accordingly, plaintiff is not subject to the Prison Litigation Reform Act's requirements regarding the payment of administrative fees. Civil detainees are also not subject to the PLRA's administrative exhaustion requirement. Id.

1

court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

II. Plaintiff's Complaint

In claim one, plaintiff alleges that he informed defendants Bullard, Baker, Stewart and Bell that plaintiff was suicidal and had safety concerns, but nothing was done, leaving plaintiff in his cell, still suicidal and having safety concerns. In claim two, plaintiff alleges that while housed in A Facility 8 block, defendants Rios and Bonache used excessive force while forcing plaintiff to move to a different cell while expressing he was suicidal and had safety concerns. Plaintiff claims he suffered an injury to his wrist from the handcuffs cutting off circulation to his wrist. In his third claim, plaintiff alleges that on October 12, 2021, plaintiff notified defendants Reyes, Conrad and Lynch that plaintiff was suicidal and had safety issues in B1 facility. Plaintiff then filed a request for mental health care about his safety issues and suicidal ideations. Plaintiff continuously notified defendant Williams, supervisor of the EOP program that plaintiff was suicidal and had safety concerns. Despite such notifications, all of these defendants allegedly ignored plaintiff and left plaintiff in his cell to kill himself. Plaintiff seeks money damages.

////

////

////

III. Discussion

    A. Second Claim

Examination of the complaint and review of the court's dockets reveals that plaintiff's second claim filed in this action contains allegations that were initially included in, and are duplicative of, claims raised in the complaint filed October 19, 2021, in Hill v. Escobar, No. 2:21-cv-2118 JAM JDP P (E.D. Cal.).[2]  "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021.

In both this action and Hill v. Escobar, No. 2:21-cv-2118 JAM JDP P, plaintiff alleges that defendants Rios and Bonache were deliberately indifferent and used force while moving plaintiff to cell 102. While the instant action does not identify Escobar as a defendant, and the complaint filed in his earlier action does not contain some of the details pled here,[3][4] plaintiff

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Plaintiff may wish to file an amended complaint in Hill v. Escobar, No. 2:21-cv-2118 JAM JDP P, to include all of the specific allegations he has as to each defendant.

[4] The following standards govern excessive force claims. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

////

must pursue all of his claims concerning the alleged use of force during the cell move in one action. The court finds that plaintiff's second claim is duplicative of plaintiff's claim in Hill v. Escobar, No. 2:21-cv-2118 JAM JDP P, because it raises the same issues against defendants Rios and Bonache.

Due to the duplicative nature of plaintiff's second claim in the present action, such claim is dismissed without leave to amend.

### B. Claims Two and Three

Despite plaintiff's serious claims that he was suicidal and had safety concerns, plaintiff's second and third claims are too conclusory for the court to determine whether each defendant was deliberately indifferent to a substantial risk of harm to plaintiff. Plaintiff did not identify the nature of his safety concerns. Moreover, plaintiff identifies no specific injury. Plaintiff claims he was left in his cell, but does not identify any risk such housing actually posed.

Plaintiff is granted leave to amend his complaint to set forth specific facts as to each named defendant, and to address the elements of the specific claims he intends to pursue as to each defendant. Plaintiff is provided the standards governing such putative claims below.

#### Medical/Mental Health Care

To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious medical need; and (2) the defendant's response to that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle, 429 U.S. at 106. A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. A deliberately indifferent response may be shown by the denial,

---

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

1  delay or intentional interference with medical treatment or by the way in which medical care was
2  provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate
3  indifference, a prison official must both be aware of facts from which the inference could be
4  drawn that a substantial risk of serious harm exists, and he must actually draw that inference.
5  Farmer, 511 U.S. at 837.

6  Thus, a defendant will be liable for violating the Eighth Amendment if he knows that a
7  plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take
8  reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official acted or failed to act
9  despite his knowledge of a substantial risk of serious harm."  Id. at 842.

            Failure to Protect

11  "The treatment a prisoner receives in prison and the conditions under which he is confined
12  are subject to scrutiny under the Eighth Amendment."  Farmer, 511 U.S. at 832 (citing Helling v.
13  McKinney, 509 U.S. 25, 31 (1993)).  Prison officials have a duty "to take reasonable measures to
14  guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners."
15  Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at
16  832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)).  A prison official violates the
17  Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is,
18  objectively, sufficiently serious, i.e., "the inmate must show that he is incarcerated under
19  conditions posing a substantial risk of serious harm;" and (2) the official is, subjectively,
20  deliberately indifferent to the substantial risk of serious harm.  Farmer, 511 U.S. at 834.

21      C.  Misjoinder

22  Finally, plaintiff's three claims are not properly raised in the same action.  Rule 20(a)
23  provides that all persons may be joined in one action as defendants if "any right to relief is
24  asserted against them jointly, severally, or in the alternative with respect to or arising out of the
25  same transaction, occurrence, or series of transactions or occurrences" and "any question of law
26  or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also
27  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated
28  defendants belong in different suits").  If unrelated claims are improperly joined, the court may

dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).  Here, plaintiff's three claims arose from three different incidents involving different defendants, and there are not properly joined in one action.

Where parties have been misjoined, the court may drop a party or sever the claims against that party.  Fed. R. Civ. P. 21.  "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'"  Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).  Here, because the unrelated claims are based on relatively recent incidents, September and October of 2021, plaintiff will not be prejudiced by their dismissal, without prejudice, from this action.  Plaintiff may pursue such claims in separate, timely actions.  See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").  Because plaintiff's complaint is dismissed with leave to amend, plaintiff must decide which claim to pursue in this action and pursue any remaining claims in separate actions.

IV.  Admonitions

Plaintiff is advised that he should take care not to repeat claims raised in other actions.  As a pro se litigant, plaintiff is responsible to keep track of his cases and diligently litigate them.

V.  Leave to Amend

As discussed above, plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint to pursue claims one or three.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint".

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  January 19, 2022

/hill2336.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE