UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:21-cv-2336 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BULLARD, et al., | |
| Defendants. | |

      Plaintiff is a civil detainee, proceeding pro se. On January 20, 2022, plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, was dismissed with leave to amend. Subsequently, plaintiff filed two motions for reconsideration of the court's screening order. As discussed below, upon reconsideration, the screening order is affirmed.

      Plaintiff claims he refuses the "offer to contract with" this court, citing UCC 1-308, and also admiralty law, corporations, commercial affairs, and the Administrative Procedure Act. (ECF No. 11 at 2, 3-4.) Plaintiff is reminded that he filed this action under 42 U.S.C. § 1983. To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal

connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

Also, plaintiff appears to disagree with the finding that his second claim is duplicative of Hill v. Escobar, No. 2:21-cv-2118 JAM JDP P (E.D. Cal.). Plaintiff states that "not all the defendants mentioned were part of different incidents that applied to a different event that were closely connected to a pattern of retaliation," citing the Green Wall. (ECF No. 10 at 2.) However, plaintiff raised no retaliation claim in the original complaint filed herein. In addition, review of the docket in case no. 2:21-cv-2118 JAM JDP P reflects that at this time plaintiff may file an amended complaint as of right in such previously-filed case. Fed. R. Civ. P. 15(a). As noted in the screening order, plaintiff must include all claims concerning the use of force while moving plaintiff to cell 102 in one action. (ECF No. 8 at 4-5.)

Plaintiff did not address the remainder of the court's screening order.

Therefore, upon reconsideration, the undersigned affirms the January 20, 2022 order and grants plaintiff an additional thirty days in which to file an amended complaint. Plaintiff is cautioned that failure to file an amended complaint will result in a recommendation that this action be dismissed.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions (ECF Nos. 10 & 11) are granted;

2. Upon reconsideration, the January 20, 2022 order is affirmed; and

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint.

Dated: March 10, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hill2336.rec

---

[1] Plaintiff's first motion for reconsideration was not signed. Plaintiff is cautioned that as a pro se litigant, he must sign every document submitted to the court for filing. Fed. R. Civ. P. 11(a).